Argued November 1, reversed December 21, 1966, petition for rehearing denied January 9, 1967

## BARNHARDT ET AL *v.* GEORGE

421 P. 2d 684

*Lorin M. Ricker,* Enterprise, argued the cause for appellants. With him on the briefs were Bell & Gehlen, Stayton, and J. David Kryger, Salem.

*Charles R. Cater,* La Grande, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

This is an action on a promissory note delivered by defendant to plaintiffs in lieu of a performance bond under a construction contract. Plaintiff appeals from a decree reforming the contract as prayed for by defendant.

Plaintiffs entered into a contract with the State Fish Commission to perform certain construction work at one of the state fish hatcheries. Plaintiffs then entered into a subcontract with defendant and Kenn Evans which in its original form was a handwritten memorandum prepared by plaintiffs and which read as follows:

"August 20, 1963

"We jointly and severally agree to furnish all labor and materials other than pipe and fittings and concrete to lay, place, backfill compact and test to the specifications and plans of the Wallowa Pipe Line by Oregon Game Commission and N. W. Haner & Associates.

"We agree to do this for the total sum of $5500.00 by 9/15/63. If not completed by 9/15/63 we agree to pay $50.00 per day as liquidated damages.

"Kenn Evans
"Don George

"Accepted by
A. T. Barnhardt"

The parties to the memorandum agreement understood that a formal written contract would be executed later.

The formal agreement, prepared by plaintiffs' attorney, purported to be an agreement between plaintiffs as "First Party" and "Don George * * * and Kenn Evans * * * a co-venture" as "Second Party." The contract contained the following provisions, among others:

"If there are any delays caused by the second party beyond the time limit set forth herein the second party agrees to pay the first party liquidate damage in the amount of $50.00 per day payable upon demand and in the event of failure to so pay, shall likewise be responsible for attorney's fees and court costs in the event that suit needs to be filed to collect said liquidate damages.

"The first party shall pay to the second party the sum of $5,500.00 which sum shall be payable when the first party receives their money under this contract.

"It is understood that each of the second party shall be individually responsible to the first party for the fulfillment of this contract and in lieu of a surety bond the second party shall each give a note and chattel mortgage secured by equipment for the sum of $5,000.00 each and in the event of failure to comply with this contract said note or mortgage shall be appropriated for whatsoever may be owing but if performance in full is completed and any penalties paid then this note and mortgage becomes null and void.

"The first party reserves the right to remove the second party from the job if said work is not progressing to the complete satisfaction of the first party."

Defendant and Evans each executed a note and mortgage for $5,500.00. Defendant and Evans had not been acquainted with each other prior to the day they entered into the memorandum agreement.

■ The contract in question clearly imposes upon

defendant and Evans joint and several liability. The contract is subject to reformation only if it can be found that there was mutual mistake or unilateral mistake by defendant and fraud or inequitable conduct upon the part of plaintiffs.[1] We are unable to find evidence in the record indicating mistake or fraud or inequitable conduct on the part of plaintiffs.

■■ Defendant attempts to show a course of conduct after the execution of the contract indicative of a contractual intent that defendant was to be liable only for his own default. We do not think that the evidence supports this contention. Nor do we find evidence sufficient to establish a novation which defendant contends was entered into after performance began.

The memorandum agreement and the formal contract clearly express an agreement which purports to create a joint and several liability upon defendant and Evans. Fortifying this evident purpose is the note and mortgage which each executed in lieu of a performance bond. Each of the notes was in the amount of $5,500.00 suggesting that each was securing *full* performance by both promissors and not merely the separate performance of each.

The decree of the trial court is reversed.

---

[1] Moyer v. Ramseyer, 226 Or 122, 359 P2d 407 (1961); Pokorny v. Williams, 199 Or 17, 260 P2d 490 (1953); Whitehead v. Montgomery Ward & Co., 194 Or 106, 239 P2d 226 (1952); Hyde v. Kirkpatrick, 78 Or 466, 153 P 41, 153 P 488 (1915).